UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
Shavonne Sparks,  
               Debtor.  
_____/

Case No. 14-58552-PJS  
Chapter 7  
Hon. Phillip J. Shefferly

**ORDER DENYING MOTION TO REOPEN CHAPTER 7 CASE**

The Debtor filed a Chapter 7 petition on December 2, 2014. The Debtor received a discharge in her case on March 10, 2015. The final decree was entered March 16, 2015 and the case was closed. On February 22, 2016, the Debtor filed a motion ("Motion") to reopen her case.

The Motion alleges that on April 10, 2015, less than 30 days after the Debtor's case was closed, her vehicle was stolen by an unknown individual who was involved in a hit and run accident. The Debtor has been sued by the victim of the hit and run, and now faces potential liability for circumstances she claims were outside her knowledge or control. The Motion requests the Court to reopen the Chapter 7 case for two purposes: first, to have the discharge vacated, and second to have the case dismissed, following which the Debtor will file a new Chapter 7 case to obtain a discharge that will include this new debt. The Motion cites 11 U.S.C. § 350(b) as authority for the relief sought.

Section 350(b) provides that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." "It is well settled that decisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge and will not be set aside absent abuse of discretion." Rosinski v. Boyd, (In re Rosinski), 759 F.2d 539, 540-41 (6th Cir. 1985) (citations omitted).

In exercising such discretion, the court is to consider the equities of each case with

> an eye toward the principles which underlie the Bankruptcy Code. A case will not, however, be reopened if doing so would be futile. One example of futility is where the court cannot provide the debtor with any relief. . . .

In re Caravona, 347 B.R. 259, 262 -263 (Bankr. N.D. Ohio 2006) (citations omitted); see also Zirnhelt v. Madaj (In re Madaj), 149 F.3d 467, 468 (6th Cir. 1998) (affirming a denial of a debtors' motion to reopen because doing so was "pointless" and a "useless gesture").

In this case, the ultimate relief that the Debtor seeks is to have her discharge vacated and her case dismissed. However, neither form of relief is available under the Bankruptcy Code, making reopening this case futile.

There is no provision in the Bankruptcy Code to "vacate" a discharge. Section 727(d) does provide for the *revocation* of an order of discharge, but only "on request of the trustee, a creditor or the Unites States trustee," and even then only where the debtor procured a discharge by fraud or engaged in some other wrongful conduct of the type specified in the statute. A debtor "is not among the entities authorized to seek such relief[.]" In re Smith, 467 B.R. 122, 126 (Bankr. W.D. Mich. 2012) (noting that such entities are limited to trustees, creditors and the U.S. Trustee). In addition, the Motion, not surprisingly, does not allege that the Debtor procured her discharge by fraud or engaged in some other wrongful conduct that warrants the Court revoking her discharge under § 727(d).

The discharge is a final order of the Court. Fed. R. Bankr. P. 9024 incorporates Fed. R. Civ. P. 60. Rule 60(b) provides for relief from an order, based on six specified grounds. The Motion does not allege that any of the six grounds apply to the circumstances described by the Debtor, and the Court finds that none of them do. See In re Smith, 467 B.R. at 126-28 (exploring other possible statutory and procedural grounds that would allow the debtors vacate their discharge so they could

enter into a reaffirmation agreement, and concluding that none of them applied).

Even if the Debtor could vacate her discharge, which she cannot, her plan to dismiss her case leaving her free to refile is equally futile. The Debtor voluntarily chose to file Chapter 7, and has enjoyed the benefit of the automatic stay and the discharge injunction for over a year. Although the Court is not unsympathetic to the situation the Debtor finds herself in, there is simply no legal basis for the Debtor to now vacate her discharge and dismiss her case. Once the bankruptcy case is concluded, there is nothing in the Bankruptcy Code that permits a debtor to later change their mind and wipe out their bankruptcy case so that they can file a new case to deal with new liabilities that arose after their case is over. See In re Mosby, 244 B.R. 79, 90 (Bankr. E.D. Va. 2000) (denying a motion to vacate a discharge because "all that has happened is that the debtors have changed their minds and belatedly decided that they would be better off under chapter 13 than chapter 7") (quoting In re Leiter, 109 B.R. 922, 925 (Bankr. N.D. Ind. 1990)). Bankruptcy cases are judicial proceedings. To grant the Motion, even to a debtor who may have incurred a post-discharge liability through no fault of their own, would eviscerate the strong policy of finality in judicial proceedings. Accordingly, because reopening the Debtor's Chapter 7 case would be futile,

IT IS HEREBY ORDERED that the Motion (ECF no. 18) is DENIED.

.

**Signed on March 10, 2016**

                                    **/s/ Phillip J. Shefferly**
                                    **Phillip J. Shefferly**
                                    **United States Bankruptcy Judge**